**UNITED STATES of America,**
**Appellee,**

**v.**

**Angel ENCARNACION, Defendant,**

---

**Merino Polanco, also known as Hitler, Defendant–Appellant.**

**No. 04–5055–CR.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2005.

Roger Burlingame, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee, of counsel.

Trisha E. Lafache (Barry M. Fallick), Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, New York, N.Y., for Defendant–Appellant, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Merino Polanco challenges the sufficiency of the evidence used to convict him, following a jury trial, of importation of cocaine, 21 U.S.C. §§ 952(a), 960(b)(2)(B)(ii), conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(b)(1)(B)(ii)(II), and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(I)(B)(ii)(II). Polanco also argues (1) that the district court erroneously permitted the testimony of a prosecution witnesses as to drug courier methods, and (2) that his trial counsel was constitutionally ineffective for failing to object to the admission of that testimony. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

We review *de novo* a sufficiency of the evidence challenge. *United States v. Madori*, 419 F.3d 159, 166 (2d Cir.2005). A defendant challenging the sufficiency of the evidence bears the "heavy burden" of showing that "the evidence that [he] committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir.2004) (internal quotation marks omitted).

Customs enforcement officials observed Polanco and his brother, who is also named Merino but goes by "Jacobi," meeting a drug courier, Angel Encarnacion, at the airport. Encarnacion testified that when he asked Jacobi and Polanco who would be paying him for his delivery of approximately two kilograms of cocaine, Jacobi said, "We will give it to you, he will," and pointed to Polanco. This direct evidence, combined with circumstantial evidence of Polanco's knowledge of the drug conspiracy and specific intent to further it,[1] was sufficient for a reasonable jury to have returned a guilty verdict. *See United States v. Samaria*, 239 F.3d 228, 233 (2d Cir.2001) ("[W]e defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." (internal quotation marks omitted)).

Polanco's challenge to the admission of a drug enforcement agent's testimony as to the general characteristics of drug courier deliveries is meritless. Because Polanco's trial counsel did not object at trial to the testimony, our review is for plain error. *See* Fed.R.Crim.P. 52(b); *Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir.1992) ("Absent objection, an error may be pursued on appeal only if it is 'plain error' that may result in a miscarriage of justice, or in 'obvious instances of ... misapplied law.' " (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)). Assuming *arguendo* that such testimony should not have been admitted, we cannot say that its admission "seriously affect[ed] the fairness, integrity or public reputation" of the proceedings. *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Accordingly, Polanco has not met the "plain error" standard.

Polanco's ineffective assistance claim is also without merit. Even assuming that an objection to the agent's testimony would not have been futile, Polanco has not shown the prejudice required by *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]

We have considered all of Polanco's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.

1. For example, the transcript of the conversation among the three men indicates that Polanco told Encarnacion where he and Jacobi would be taking him, and tried to calm Encarnacion's nerves by telling him it would be a "quiet" apartment.

2. Although we are generally "reluctant to address ineffectiveness claims on direct review," *United States v. Salameh*, 152 F.3d 88, 160 (2d Cir.1998) (per curiam), we may do so in "certain narrow circumstances" when the defendant has new counsel on appeal and argues no ground of appeal that is not fully developed in the trial record. *See id.*